UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA POPP, individually and as mother and next friend of JOSEPHINE PEREZ, a minor, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. |
| v. | ) ) ) | Judge |
| VHS WEST SUBURBAN MEDICAL CENTER, INC., and UNITED STATES OF AMERICA, | ) ) ) ) ) | Formerly Case No. 2015 L 012919 Circuit Court of Cook County, Illinois |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To: Dorothy Brown
Clerk of the Circuit Court
Richard J. Daley Center, Room 1001
50 West Washington Street
Chicago, Illinois 60602

Michael P. Cogan, Esq.
Cogan & Power, P.C.
One East Wacker Drive, Suite 510
Chicago, Illinois 60601

Robert E. O'Malley, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606

The United States, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1. On December 23, 2015, plaintiff Vanessa Popp, as mother and next friend of Josephine Perez, a minor, commenced the above civil action against Natasha Diaz, M.D., Tuere

Coulter, M.D., PCC Community Wellness Center, and VHS West Suburban Medical Center, Inc., alleging medical malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this lawsuit, PCC Community Wellness Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. In addition, Natasha Diaz, M.D. and Tuere Coulter, M.D. were acting within the scope of their employment at PCC Community Wellness Center with respect to the incidents referred to in the complaint. *Id.*

2. This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant PCC Community Wellness Center was a private entity receiving grant money from the Public Health Service and that defendants Natasha Diaz, M.D. and Tuere Coulter, M.D. were acting within the scope of their employment at PCC Community Wellness Center with respect to the incidents referred to in the complaint. Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233. Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233, this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants PCC Community Wellness Center, Natasha Diaz, M.D., and Tuere Coulter, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of PCC Community Wellness Center, Natasha Diaz, M.D., and Tuere Coulter, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Jeffrey M. Hansen
    JEFFREY M. HANSEN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1325
    jeffrey.hansen@usdoj.gov

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED B-15
2015 DEC 23 PM 1:05
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | |
|---|---|
| VANESSA POPP, Mother and Next Friend Of JOSEPHINE PEREZ, a minor, <br><br> Plaintiff, <br><br> v. <br><br> VHS WEST SUBURBAN MEDICAL CENTER, INC.; NATASHA DIAZ, M.D.; TUERE COULTER, M.D.; And PCC COMMUNITY WELLNESS CENTER, <br><br> Defendants. | 2015L012919 <br> NO. CALENDAR/ROOM D <br> TIME 00:00 <br> Medical Malpractice |

## COMPLAINT AT LAW

Now comes the Plaintiff, VANESSA POPP, Mother and Next Friend of JOSEPHINE PEREZ, a minor, and complaining of the Defendants, VHS WEST SUBURBAN MEDICAL CENTER, INC. (hereinafter "WEST SUBURBAN"); NATASHA DIAZ, M.D.; TUERE COULTER, M.D.; and PCC COMMUNITY WELLNESS CENTER (hereinafter "PCC"), and each of them, states as follows:

1. On and before November 26, 2010, the Defendant, WEST SUBURBAN, was a corporation organized and existing pursuant to the laws of the State of Illinois which provided obstetrical services to members of the public, including to the Plaintiff, VANESSA POPP.

2. On and before November 26, 2010, and in connection with obstetrical care and treatment rendered to the Plaintiff, VANESSA POPP, the Defendant, WEST SUBURBAN, held out the Defendants, NATASHA DIAZ, M.D. and TUERE COULTER, M.D., as its apparent agents.

3. On and before November 26, 2010, the Defendant, NATASHA DIAZ, M.D., was a physician licensed to practice medicine within the State of Illinois who held herself out to

members of the public including to the Plaintiff, VANESSA POPP, as having specialized training and experience in obstetrics and gynecology.

4. On and before November 26, 2010, and in connection with obstetrical care and treatment rendered to the Plaintiff, VANESSA POPP, the Defendant, NATASHA DIAZ, M.D., acted as the apparent agent of the Defendant, WEST SUBURBAN.

5. On and before November 26, 2010, and in connection with obstetrical care and treatment rendered to the Plaintiff, VANESSA POPP, the Defendant, TUERE COULTER, M.D., acted as the apparent agent of the Defendant, WEST SUBURBAN.

6. On and before November 26, 2010, and in connection with obstetrical care and treatment rendered to the Plaintiff, VANESSA POPP, the Defendants, NATASHA DIAZ, M.D.; TUERE COULTER, M.D. were the actual agents of Defendant, PCC COMMUNITY WELLNESS CENTER.

7. On or about November 26, 2010, the Plaintiff, VANESSA POPP, presented to the medical facility of the Defendant, WEST SUBURBAN, in active labor.

8. Prior to 6:18 p.m. on November 26, 2010, the Plaintiff, VANESSA POPP's labor was monitored by an electronic fetal monitor.

9. At 6:18 p.m. on November 26, 2010, the electronic fetal monitor was discontinued and the Plaintiff, VANESSA POPP, was transferred to the operating room for a planned cesarean section.

10. At approximately 7:00 p.m. on November 26, 2010, the Plaintiff, VANESSA POPP's blood pressure fell to 70/30 after placement of the spinal epidural.

11. Between the above-described hypotensive episode and the delivery of the minor Plaintiff, JOSEPHINE PEREZ, at 7:33 p.m., no steps were taken to determine fetal well-being.

12. On November 26, 2010, the Defendant, WEST SUBURBAN, by and through its apparent agents, Defendants, NATASHA DIAZ, M.D. and TUERE COULTER, M.D., individually, were negligent in one or more of the following respects:

    (a) Failed to respond to VANESSA POPP's hypotensive episode;

    (b) Failed to reapply the electronic fetal monitor following VANESSA POPP's hypotensive episode; and

    (c) Allowed 68 minutes to pass without taking appropriate steps to determine fetal well-being.

13. As a proximate cause of the aforesaid negligent acts and/or omissions by the Defendant, WEST SUBURBAN, by and through its apparent agents, NATASHA DIAZ, M.D., TUERE COULTER, M.D., and PCC COMMUNITY WELLNESS CENTER, and by the Defendants, NATASHA DIAZ, M.D. and TUERE COULTER, M.D., Individually, the minor Plaintiff, JOSEPHINE PEREZ, suffered damages of a personal and pecuniary nature.

14. Attached hereto and made a part hereof is an Affidavit and medical report submitted pursuant to 2-622(1) of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff VANESSA POPP, Mother and Next Friend of JOSEPHINE PEREZ, a Minor, asks for judgment against the Defendants, VHS WEST SUBURBAN MEDICAL CENTER, INC.; NATASHA DIAZ, M.D.; TUERE COULTER, M.D.; and PCC COMMUNITY WELLNESS CENTER, and each of them, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

                                                              One of the Attorneys for Plaintiff

Michael P. Cogan, Esq.
**COGAN & POWER, P.C.**
One East Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
Firm ID 49741

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| VANESTA POPP, Mother and Next Friend Of JOSEPHINE PEREZ, a minor, <br><br> Plaintiff, <br><br> v. <br><br> VHS WEST SUBURBAN MEDICAL CENTER, INC.; NATASHA DIAZ, M.D.; TUERE COULTER, M.D.; And PCC COMMUNITY WELLNESS CENTER, <br><br> Defendants. | ) ) ) ) ) ) ) No. ) ) ) ) ) ) ) |

## AFFIDAVIT

I, Michael P. Cogan, the affiant on oath, states:

The total of money damages sought in this matter does exceed $50,000.00.

_____
MICHAEL P. COGAN

SUBSCRIBED AND SWORN TO
before me this 15th day of
_____, 2015.

_____
NOTARY PUBLIC

Official Seal
Nancy K O'Donnell
Notary Public State of Illinois
My Commission Expires 04/16/2019

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| VANESTA POPP, Mother and Next Friend ) <br> Of JOSEPHINE PEREZ, a minor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VHS WEST SUBURBAN MEDICAL CENTER, INC.; ) <br> NATASHA DIAZ, M.D.; TUERE COULTER, M.D.; ) <br> And PCC COMMUNITY WELLNESS CENTER, ) <br> ) <br> Defendants. ) | No. |

## AFFIDAVIT

MICHAEL P. COGAN, deposes and states:

1. Your affiant has consulted with and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in this particular action, practices within the last six years in the area of maternal fetal medicine, and is qualified by experience in the subject of this case.

2. Your affiant concludes, based on consulting with the above-described individual, that there is a reasonable and meritorious cause for the filing of this action.

3. The reviewing health professional has determined in a written report, after a review of the medical records described in said report that there is a reasonable and meritorious cause for the filing of such action.

4. The reviewing health professional is licensed in Illinois to practice medicine in all of its branches and is board certified in maternal fetal medicine.

FURTHER THE AFFIANT SAYETH NOT.

_____
MICHAEL P. COGAN

SUBSCRIBED AND SWORN TO
Before me this ___ day of
_____, 2015.

_____
NOTARY PUBLIC

Official Seal
Nancy K O'Donnell
Notary Public State of Illinois
My Commission Expires 04/16/2019

December 4, 2015

Michael P. Cogan
Cogan & Power, P.C.
1 East Wacker Drive
Suite 510
Chicago, IL 60601

           Re: Mom Vanessa Popp/ Baby Josephine Perez
              Your File # 14N-29

Dear Mr. Cogan,

  I am a physician licensed by the State of Illinois to practice medicine in all its branches and Board Certified in Maternal-Fetal Medicine. I have more than 20 years of clinical and surgical experience in this field. Through my training and experience I am familiar with the applicable standards of care for OB's and OB nursing. It is my opinion to a reasonable degree of medical certainty that deviations from the standard of care occurred during the labor and delivery of Baby Josephine Perez at West Suburban Hospital. These deviations from the standard of care by the team of West Suburban Hospital doctors and nurses caused the injuries suffered by the baby at or near the time of her birth.

  It is my opinion that despite an earlier drop in maternal BP, the EFM was not reapplied by her healthcare team ( Dr. Natasha Diaz, Dr. T. Coulter ). This was a deviation from the standards of OB care. After the drop in maternal BP, the standard of care required the EFM to be reapplied to assess fetal well-being. Had the EFM been reapplied it would have shown this baby was in fetal distress. More than an hour after the EFM was discontinued a depressed 9 pound 10 ounce baby girl was delivered by C-section with Apgar scores of 3/1/3 at 1,5,10 minutes respectively, with a cord pH of 6.8. and a base deficit of -27. Appropriate EFM as required by the standard of care would have resulted in an expedited delivery of this baby and likely avoided the injury she suffered.

  The opinions listed above result are based, in part, on my review of the materials sent by your office. I reserve the right to change or modify my opinions based upon additional information. I have reviewed the following medical records:

  - Mother's (Vanessa Popp) prenatal records from PCC Community Wellness Center;

-Mother's (Vanessa Popp) L&D records from West Suburban Hospital
-Baby's (Josephine Perez) birth records from West Suburban Hospital
-Baby's records from Children's Memorial Hospital (11/26/10- 12-20-10 admission)

From the medical records, the following facts are evident:

35 year old Vanessa Popp was seen on 11/26/10 at West Suburban Hospital where the following diagnoses were made: Pregnancy at 39+ weeks, Gestational hypertension, female infant in breech presentation, previous cesarean, requesting repeat cesarean. She was admitted, and the plan was to proceed with repeat cesarean. Her clinic blood pressures were in the 140/80's. Continuous EFM was initiated at approximately 1300hrs, and demonstrated a baseline FHR of ~160 with normal variability, accelerations, and no significant FHR decelerations. However, there was a delay in performing the C-section of approximately 6 hours based on anesthesia's recommendations regarding the mother's last oral intake (an attending physician note confirming the above was timed at 1700hrs).

Over the next six hours there are periods of poor EFM tracing quality, and it appears that some periodic contractions are occurring. However, by 1643hrs, the tracing appears normal, with a baseline rate in the 150s, with normal variability and no decelerations. At 1818hrs the EFM was discontinued when the patient was taken to the operating room, where she arrived at 1825 hours. At around 1900hrs, the anesthesia record indicates the mother's BP fell to ~90/50, (a staff OB note written following the case at 2350hrs states that the mother's BP was even lower: "Spinal placed by anesthesia. BP noted by me of 70/30 after placement") At 1933hrs, 68 minutes after the last recorded fetal heart rate, a depressed 9 pound 10 ounce female was delivered with Apgar scores of 3/1/3 at 1,5,10 minutes respectively, a cord pH or 6.8. and a base deficit of -27.

Soon after delivery, the newborn was given Sodium Bicarb x2 and loaded with Dilantin and was transferred to Children's Memorial, where she received supportive care, including head cooling. The baby was discharged from CMH on 12/20/10 with a discharge dx:

Asphyxia by birth
Hypoxic ischemic encephalopathy of newborn
Seizures

From the above facts and the remainder of the record, it is clear that events occurred during the period of time the baby was not electronically monitored, leading to the profound birth hypoxia and asphyxia this newborn experienced. It is likely that the profound maternal hypotension contributed to the Baby's depression; however, it is unclear what the healthcare team's response was during the time period the patient was not electronically monitored. What is clear from the record is that there is NO recorded indication that the fetus was intolerant of the stresses of labor and delivery. It is my opinion that the patient should have been subject to continuous EFM and it should not have been permanently discontinued, given the reported drop in maternal blood pressure. The fetal tracing was relatively normal before it was discontinued. However, the events recorded after the baby's birth, including the depth of the asphyxia, would indicate that the hypoxia occurred in the unmonitored period, perhaps 20 to 40 minutes before

delivery; an interval which parallels and approximates the reported profound maternal hypotension.

Had the continuous EFM not been permanently disconnected, fetal heart rate abnormality in response to the profound maternal hypotension, and/or other events would have been appreciated, and importantly, alerted the health care team to proceed with due haste, in order to achieve delivery significantly sooner, thereby preventing the fetal asphyxia from developing.

# EXHIBIT B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Vanessa Popp, Mother and Next Friend of Josephine Perez, a minor v. VHS West Suburban Medical Center, Inc., et al.*, No. 15 L 12919 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the PCC Community Wellness Center was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Dr. Tuere Coulter and Dr. Natasha Diaz were acting within the scope of their employment at the PCC Community Wellness Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the PCC Community Wellness Center, Dr. Tuere Coulter, and Dr. Natasha Diaz are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
 for the Northern District of Illinois

Date: April 14, 2016