UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA POPP, individually and as mother and next friend of JOSEPHINE PEREZ, a minor,<br><br>Plaintiff,<br><br>v.<br><br>VHS WEST SUBURBAN MEDICAL CENTER, INC., and UNITED STATES OF AMERICA,<br><br>Defendants. | No. 16 C 4331<br><br>Judge Tharp |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support states as follows:

1. On or about April 2, 2014, plaintiff Vanessa Popp, individually and as mother and next friend of Josephine Perez, a minor, commenced the above civil action against PCC Community Wellness Center, Natasha Diaz, M.D., Tuere Coulter, M.D., and VHS West Suburban Medical Center, Inc., alleging medical malpractice. For purposes of this lawsuit, PCC Community Wellness Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. In addition, Natasha Diaz, M.D. and Tuere Coulter, M.D., were acting within the scope of their employment at PCC Community Wellness Center with respect to the incidents referred to in the complaint.

2. On April 15, 2016, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of the PCC Community Wellness Center, Natasha Diaz, M.D., and Tuere Coulter, M.D., pursuant to 42 U.S.C. § 233.

3. This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. 42 U.S.C. § 233(c).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5. The complaint in this case does not allege that plaintiffs ever presented the administrative claim required by the FTCA, and a search of the Department of Health and

Human Services' computerized database of administrative tort claims reveals that plaintiff has not filed an administrative tort claim with the Department. Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed for failure to exhaust administrative remedies.

        Respectfully submitted,

        ZACHARY T. FARDON
        United States Attorney

        By: s/ Jeffrey M. Hansen
            JEFFREY M. HANSEN
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 886-1325
            jeffrey.hansen@usdoj.gov

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Vanessa Popp, Mother and Next Friend of Josephine Perez, a minor, ) ) ) Plaintiff, ) ) ) v. ) ) ) VHS West Suburban Medical Center, Inc., ) Natasha Diaz, M.D., ) Tuere Coulter, M.D., ) and PCC Community Wellness Center, ) ) ) Defendants. ) ) | Case No: |

## DECLARATION OF
## MEREDITH TORRES

1.  I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.  The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.  As a consequence, if a tort claim had been filed with the Department with respect to PCC Community Wellness Center, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4.  I caused a search of the Claims Branch's database to be conducted and found no

-2-

record of an administrative tort claim filed by Vanessa Popp, Individually and Next Friend of Josephine Perez, minor, or an authorized representative relating to PCC Community Wellness Center, Tuere Coulter, M.D., and/or Natasha Diaz, M.D.

5. I have also reviewed official Agency records and have determined that PCC Community Wellness Center was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2009, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to PCC Community Wellness Center are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Tuere Coulter, M.D., and Natasha Diaz, M.D., were employees of PCC Community Wellness Center at all times relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 14th day of April, 2016.

MEREDITH TORRES
Senior Attorney
Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services